## Lita E. PEZANT, an individual, Plaintiff—Appellant,

v.

Adolphus OKEKE, an individual; Brian Turnbull, an individual; Douglas Payne, an individual; Thomas Laurin, an individual; County of San Bernardino, a political subdivision of the State of California, Defendants—Appellees.

Lita E. Pezant, Plaintiff—Appellant,

v.

Adolphus Okeke; Brian Turnbull; Douglas Payne; Thomas Laurin; County of San Bernardino, a political subdivision of the State of California, Defendants—Appellees.

Nos. 04–55441, 05–55681.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2006.*

Decided Feb. 15, 2006.

Moises A. Aviles, Esq., Aviles & Associates, San Bernardino, CA, for Plaintiff–Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alan K. Marks, Esq., Office of the County Counsel, San Bernardino, CA, for Defendant–Appellee.

Before: KOZINSKI, TROTT and BEA, Circuit Judges.

MEMORANDUM **

1. "[W]e look to California law to determine the claim-preclusive effect" of Pezant's action before the county Civil Service Commission. *Takahashi v. Bd. of Trs. of Livingston Union Sch. Dist.*, 783 F.2d 848, 850 (9th Cir.1986). Pezant's claims all arise out of her termination by the county, the same injury that gave rise to her claims in front of the commission. Thus, under California law, the same "primary right" is at stake. *See id.* at 851 ("In determining the primary right at stake, the significant factor is the harm suffered." (internal quotation marks omitted)).

Pezant was not required to litigate her claims before the commission prior to filing a § 1983 action but, having chosen to do so, any final decision by the agency would preclude Pezant from litigating her claims again in federal court. *See San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998) ("[A]n unreviewed agency decision against a federal plaintiff can preclude a § 1983 suit in federal court, even though § 1983 does not have an exhaustion requirement.").

By not seeking a writ of mandate to overturn the commission's decision, Pezant allowed the decision to become final. *See* Cal.Civ.Proc.Code § 1094.6(a). Thus, the agency's decision precludes her lawsuit by

res judicata. *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1034–35 (9th Cir. 1994).

2. Pezant did not utilize the 23 months of discovery that were available to her. Thus, the district court did not abuse its discretion in denying her more discovery. *See* Fed.R.Civ.P. 16(b).

3. The district court did not abuse its discretion in denying Pezant's motion for a continuance of the summary judgment motion, as the facts were undisputed and only questions of law were at issue. *See* Fed. R.Civ.P. 56(f).

4. Pezant's motion to file a second amended complaint was filed after the court-imposed deadline, and Pezant made no effort to explain why the motion was late. The district court did not abuse its discretion in denying her motion.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.